Gerayr Garbis BOZOIAN;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71307.

Agency Nos. A70–103–153, A70–103–154, A70–103–155, A70–103–156.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 12, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Gerayr Garbis Bozoian, Burbank, CA, pro se. Mariam Edikovna Gasparian, Edward Gerayer Bozoian, Jessica Gerayer Bozoian, Burbank, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Terri J. Scadron, Esq., Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Gerayr Garbis Bozoian is a stateless Armenian Christian born in Lebanon. Bozoian and his family petition pro se for review of the decision of the Board of Immigration Appeals affirming without opinion the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review for substantial evidence, see *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir.2004), and deny the petition for review.

■ Bozoian contends that he suffered past persecution and has a well-founded fear of future persecution in Lebanon on the basis of his Armenian ethnicity, his Christian religion, and his membership in a particular social group of stateless natives of Lebanon.

■ Substantial evidence supports the IJ's finding that Bozoian's personal experiences of past discrimination in education

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and employment did not amount to persecution. *See Halaim v. INS,* 358 F.3d 1128, 1132 (9th Cir.2004). Additionally, the evidence does not compel a finding that Bozoian's status as a stateless native of Lebanon, or his inability to obtain Lebanese citizenship for himself or his family, amount to persecution on account of a protected ground. *Cf. El Himri v. Ashcroft,* 378 F.3d 932, 937 (9th Cir.2004) (holding that stateless Palestinians from Kuwait were eligible for asylum given evidence that they would be subjected to extreme economic persecution and abuse).

By failing to qualify for asylum, Bozoian necessarily failed to satisfy the more stringent standard for withholding of removal. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1001 n. 5 (9th Cir.2003). Bozoian also failed to show that it is more likely than not that he would be tortured upon return to Lebanon for purposes of relief under the Convention Against Torture. *See Zhang v. Ashcroft,* 388 F.3d 713, 721–22 (9th Cir.2004).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.